*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *JAMES JETER WEST,* | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| *v.* | )   *No. 1:16-cv-00157-JAW* |
| | ) |
| *CAROLYN W. COLVIN,* | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| *Defendant* | ) |

*REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge erred in giving (i) no weight to a Veterans Administration ("VA") disability ratings decision, (ii) little weight to the opinions of treating providers Paul H. Lipman, L.C.S.W., or Richard Possee, P.A., and undue weight to the opinion of agency nonexamining consultant Donald Trumbull, M.D., and (iii) little weight to an opinion of examining psychologist Robert D. Kahl, Ph.D. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 9) at 6-9. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 14, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 22; that he had severe impairments of degenerative disc disease of the cervical and lumbar spine, depression, anxiety disorder, opioid dependence, and cannabis dependence, Finding 3, *id.*; that he retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he should never climb ladders, ropes, or scaffolds, or crawl, could occasionally balance, could frequently climb ramps and stairs, stoop, kneel, and crouch, could understand, remember and carry out simple, repetitive instructions and moderately detailed ones but not complex instructions, and was able to persist at those levels of complexity for eight hours a day, five days a week, consistently, Finding 5, *id.* at 23; that, considering his age (58 years old, defined as an individual of advanced age, on his alleged disability onset date, February 29, 2012, and subsequently turning age 60, defined as an individual closely approaching retirement age), education (at least high school), work experience (transferable skills), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 28; and that he, therefore, had not been disabled from his alleged disability onset date through the date of the decision, January 30, 2015, Finding 11, *id.* at 29. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health*

*& Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A.  Handling of VA Disability Ratings Decision

The administrative law judge issued the decision at issue after the Appeals Council vacated an earlier decision on the basis that she had not "discuss[ed] or evaluate[d] the [plaintiff's] disability rating from the [VA] as set forth in Social Security Ruling 06-3p."  Record at 124.  The Appeals Council noted, "This evidence is relevant to the Administrative Law Judge's evaluation of the [plaintiff's] impairments and warrants consideration."  *Id.*  The Appeals Council directed the administrative law judge, on remand, to "[f]urther consider all relevant and available evidence from the [VA], including the VA disability determination, and provide rationale explaining . . . how the evidence is considered[.]"  *Id.*

The Appeals Council evidently referred to the sole VA disability ratings decision of record (Exhibit 10E), dated June 27, 2012, which assessed a 60-percent disability rating for the plaintiff's military service-connected back condition (a Grade 1 anterior-listhesis of L4 on S1 with disc space narrowing), a 20-percent disability rating for his major depressive disorder, and an overall service-

connected disability rating of 70 percent. *See id*. at 321-22. With respect to the plaintiff's back condition, the VA explained that it had "reviewed the evidence received and determined [that the plaintiff's] service-connected condition ha[d]n't increased in severity sufficiently to warrant a higher evaluation." *Id*. at 321. It noted:

> This condition was originally rated under the old VA rating schedule. If the new rating schedule was used a lesser evaluation would be warranted. VA law requires us to use the old schedule when it is to the benefit of the Veteran.

*Id.*

> With respect to the plaintiff's depression, the VA explained:

> Although [the plaintiff's] symptoms meet the criteria for a 70 percent evaluation, the examiner opined that [his] major depressive disorder was not caused by [his] service connected back condition, only aggravated by it. Additionally, there is no evidence in [his] service treatment records indicating any mental conditions during military service. Whenever a non-service connected condition is aggravated by a service connected condition, the baseline of that condition and the amount of aggravation caused by the service connection condition must be determined. The VA examiner noted [the plaintiff's] baseline as moderate/severe and cited moderate aggravation. We used 50 percent for the baseline. Since [the plaintiff's] overall evaluation was 70 percent, that 50 percent was subtracted and a 20 percent evaluation was granted.

*Id*. at 322.

Although the VA assessed the plaintiff with an overall, or combined, rating of 70 percent, it granted him "entitlement to the 100% rate effective March 1, 2012, because [he was] unable to work due to [his] service connected disability/disabilities[.]" *Id*. at 321. The VA explained: "The effective date is the day [he] became unable to obtain/maintain employment due to [his] service connected disabilities." *Id*.

The VA disability ratings decision states: "Please see the enclosures for more information regarding the evidence considered and the evaluation assigned." *Id*. at 322. No enclosures are included with the three-page Exhibit 10E in the Record. *See id*. at 320-22. However, as the

plaintiff's counsel observed at oral argument, there are two relevant VA Compensation and

Pension ("C&P") examinations of record, a Mental Health C&P dated March 19, 2012, by Kerry

Kimball, Ph.D., and a General Medical C&P dated April 26, 2012, by physician's assistant Possee.

*See id*. at 547-57, 895-910.

Post-remand, the administrative law judge held a supplemental hearing, *see id*. at 36, and

issued the instant decision, stating, in relevant part:

> The undersigned was asked by the Appeals Council to consider the opinion of the
> [VA] about the [plaintiff's] disability.  However, the [VA] records are more than
> 400 pages long.  There is an opinion at Exhibit 10E that discusses the percentages
> of the [plaintiff's] VA award.  It appears that 60% was based on [his] Grade 1
> anterior-listhesis of L4 on S1 with disc space narrowing.  However, there is no
> discussion of how this condition creates 60% disability.  An additional 20%
> disability was added to account for possible worsening of [his] non service-
> connected depression related to his service-connected back pain.  It appears that the
> condition alone automatically generates a percentage of disability rating.  There is
> no discussion of the [plaintiff's] functional limitations related to this finding.  The
> undersigned has used the physical examinations and radiographic and other reports
> from the extensive VA medical record in the discussion of the medical evidence
> above.  The Disability Determination medical experts used the same medical
> evidence in forming their opinions of the [plaintiff's] functional abilities.  Disability
> decisions by any other governmental agency, such as the VA, are based on that
> agency's rules and are not binding on SSA [the Social Security Administration].
> However, disability decisions made by any other governmental agency are
> evidence that adjudicators must consider.  When making a determination or
> decision, adjudicators should explain the consideration they give to evidence in the
> record of another agency's disability decision. . . .  The undersigned has used the
> clinical findings and reports in the VA records in conjunction with the other medical
> evidence to arrive at a decision about the [plaintiff's] functional limitation and does
> not adopt the findings regarding the percentages of disability since there is no
> explanation as to how they were determined.

*Id*. at 26 (citations omitted).

The plaintiff complains that the administrative law judge did not indicate that she gave any

weight to the VA disability ratings decision, contravening this court's holding that administrative

law judges must give "some weight" to such decisions, and did not address extensive VA

examination reports and medical opinions of record that expressly state the reasons for the VA's

determination.  *See* Statement of Errors at 6 (citing *Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *3 (D. Me. July 7, 2011) (rec. dec., *aff'd* July 29, 2011)).

He asserts that VA records relied on in reaching the disability ratings decision indicated that he had a depressed mood, anxiety, panic attacks more than once a week, chronic sleep impairment, disturbance of motivation and mood, difficulty adapting to stressful circumstances (including work or a work-like setting), inability to establish and maintain effective relationships, and suicidal ideation, causing "occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood." *Id.* at 4 (quoting Kimball report, Record at 551).  He adds that the disability ratings decision relied on extensive examination reports indicating that, as a result of his degenerative disc disease of the cervical spine, he had greater limitations in sitting, standing, and walking than those assessed by the administrative law judge.  *See id.*

At oral argument, the plaintiff's counsel elaborated that, because the administrative law judge failed to consider the degree to which the VA disability ratings decision was supported by underlying records, particularly the Kimball and Possee reports, she misunderstood the decision's disability percentage ratings as well as the support found in those reports for limitations greater than those she assessed.  He complained that she ignored the Kimball report altogether and argued that, while she did separately discuss the Possee report, she still failed to consider the extent to which that report supported the VA disability ratings decision.  He added that her mishandling of the Possee report was not rendered harmless by her reliance on the opinion of Dr. Trumbull, who appeared not to have reviewed it.

As I understand it, the plaintiff's argument is twofold: that the administrative law judge failed to give any weight to the VA disability ratings decision and that her analysis of that decision is unsupported by substantial evidence.

With respect to the first point, the commissioner counters that the plaintiff fails to demonstrate that the administrative law judge assigned no weight to the VA disability ratings decision. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 10) at 4. She points out that, while the administrative law judge expressly declined to adopt the VA's findings regarding percentages of disability, her decision is partially consistent with that of the VA, to the extent that she found that the plaintiff had severe mental and physical impairments that significantly limited his ability to work. *See id.*

She argues that, more importantly, the plaintiff overlooks the fact that *Pierce* relied on 2002 and 2004 caselaw that was superseded by Social Security Ruling 06-03p ("SSR 06-03p"). *See id.* She contends that SSR 06-03p made clear that disability decisions of other agencies, including the VA, are not entitled to any particular weight. *See id.* at 4-6. However, this court's recent decision in *Genness-Bilecki v. Colvin*, No. 1:15-cv-387-JHR, 2016 WL 4766229 (D. Me. Sept. 13, 2016), disposes of that point in the plaintiff's favor, the court having rejected an identical argument and reaffirmed its holding that some weight must be accorded a VA disability ratings decision. *See Genness-Bilecki*, 2016 WL 4766229, at *4-*5.[2]

---

[2] I do not interpret the First Circuit's recent *per curiam* decision in *Boyer v. Colvin*, No. 15-2542 (1st Cir. Oct. 5, 2016), as calling this conclusion into question. The claimant in *Boyer* appealed a judgment of this court on grounds, *inter alia*, that the administrative law judge erred in failing to afford any evidentiary weight to a VA disability ratings decision. *See Boyer*, slip op. at 1. The First Circuit held that the administrative law judge committed no legal error in implicitly giving the VA disability ratings decision no weight in circumstances in which the claimant had to prove that he was disabled as of his date last insured for benefits ("DLI"), the VA decision was issued post-DLI, and the administrative law judge did not view the VA decision as addressing the claimant's pre-DLI condition. *See id.*, slip op. at 2. Here, the VA disability ratings decision addresses the plaintiff's condition during the period at issue.

That said, I agree with the commissioner that the administrative law judge cannot fairly be said to have accorded no weight to the VA disability ratings decision. She emphasized that, while she accorded no weight to the unexplained findings of varying percentages of disability, she took into consideration VA records of clinical findings and reports – in other words, the underlying evidence on which the VA disability ratings decision was based. As the commissioner suggests, *see* Opposition at 6-7, there is no material difference between the administrative law judge's discussion of the VA disability ratings decision in this case and a discussion deemed acceptable in *Love v. Colvin*, No. 2:12-cv-87-JAW, 2015 U.S. Dist. LEXIS 173765 (D. Me. Dec. 31, 2015) (rec. dec., *aff'd* Aug. 8, 2016), *see Love*, 2015 U.S. Dist. LEXIS 173765, at *5-*9 (upholding adequacy of discussion of VA disability ratings decisions when an administrative law judge gave them "[l]ittle weight[,]" explaining that (i) they were based on standards not relevant to the SSA disability program, (ii) the VA rating of individual unemployability was not based on any medical finding or opinion that would lead to a similar conclusion under SSA regulations and was "given no weight[,]" and yet, (iii) the administrative law judge found the claimant's two impairments "to be significant impairments as did the VA").

Here, while the administrative law judge did not expressly state that she gave the VA disability ratings decision overall little weight, she handled it in the same manner as did the administrative law judge in *Love*, affording the ratings percentages no weight but taking into consideration the underlying VA evidence in reaching the conclusion that the plaintiff had severe mental and physical impairments.

Turning to the plaintiff's second point, I am unpersuaded that the administrative law judge's handling of the VA disability ratings decision is unsupported by substantial evidence.[3]

First, the administrative law judge reasonably concluded that the VA disability ratings decision contains no explanation for its percentage ratings. *See* Record at 26. There is no such explanation in the decision itself, as set forth in Exhibit 10E (which includes none of the unspecified enclosures). At oral argument, the plaintiff's counsel contended that the administrative law judge erroneously focused on percentages that bore merely on the degree to which his client's impairments were service-related, overlooking the key finding that his client was completely (100 percent) unemployable. Assuming, *arguendo*, that the administrative law judge misunderstood the import of the percentages, the error is harmless. The VA's key finding, that the plaintiff was entitled to a 100 percent disability rating effective March 1, 2012, is conclusory. The decision merely states that, on that day, the plaintiff "became unable to obtain/maintain employment due to [his] service connected disabilities." *Id.* at 321. The Possee and Kimball reports provide no explanation of that or any other percentage rating: as counsel for the commissioner noted at oral argument, neither discusses percentage ratings at all. *See id.* at 547-57, 895-910.

---

[3] As a threshold matter, the commissioner argues that this point is sufficiently undeveloped as to have been waived, given that the plaintiff merely pointed to a collection of more than 100 pages of medical records, failing to specify which "medical opinions" were assertedly overlooked or to attempt to demonstrate how any of the cited evidence shed light on the calculation of VA disability percentages. *See* Opposition at 6-7; *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). To the extent that the plaintiff relies on the Kimball and Possee reports, I find no waiver. While the plaintiff's discussion in the argument section of his brief is indeed perfunctory, *see* Statement of Errors at 6, he provided a more fulsome description in a section discussing relevant records, *see id.* at 4-5. While he did not identify Dr. Kimball by name, he described and quoted from portions of her report, and he expressly pointed to the Possee report. *See id.* However, to the extent that the plaintiff relies on other underlying VA medical records, *see id.* at 4-6, the commissioner's point is well-taken. He fails to explain how any of those individual records support the VA disability ratings decision. *See id.* His argument as to those records, hence, is waived.

Second, the administrative law judge correctly observed that the VA disability ratings decision contained no discussion of functional limitations related to the plaintiff's depression. *See id*. at 26. The Kimball report does not fill that void. While Dr. Kimball checked boxes indicating that the plaintiff suffered from a number of *symptoms*, including anxiety, panic attacks, disturbances of motivation and mood, difficulty in adapting to stressful circumstances, including work or a worklike setting, and inability to establish and maintain effective relationships, *see id*. at 555-57, and also checked a box indicating resultant "[o]ccupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood[,]" *id*. at 551, she did not set forth *specific* functional limitations or capacities, *see id*. at 547-57.

Finally, with respect to the plaintiff's back impairment, the administrative law judge explained that she relied on physical examinations and radiographic and other reports from the extensive VA medical record. *See id*. at 26. She noted that the same evidence was available to agency nonexamining consultants who assessed the plaintiff's physical RFC (Richard T. Chamberlin, M.D., who completed a physical RFC assessment dated May 23, 2012, and Dr. Trumbull, who completed a physical RFC assessment dated August 28, 2012). *See id*. at 26, 93-94, 103-04.

Nonetheless, the plaintiff contends that the administrative law judge's reliance on the Trumbull RFC assessment was misplaced because Dr. Trumbull did not address, or indicate that he had considered, many of the VA materials, including the VA disability ratings decision and the Possee report. *See* Statement of Errors at 7-8. At oral argument, his counsel correctly noted that neither Dr. Chamberlin nor Dr. Trumbull referred to the Possee report or checked boxes indicating

that he had reviewed any opinion evidence. *See* Record at 90-91, 93, 99-101, 103. However, for

the reasons discussed below, that argument is unavailing.

Accordingly, the plaintiff fails to demonstrate entitlement to remand on the basis of this

point of error.

### B. Handling of Lipman, Possee, and Trumbull Opinions

### 1. Lipman and Possee

Social worker Lipman submitted a medical source statement of ability to do work-related

activities (mental) dated March 21, 2013, in which he indicated that the plaintiff had no impairment

in his ability to understand, remember, or carry out simple instructions or make judgments on

simple work-related decisions but was moderately impaired in his ability to understand, remember,

and carry out complex instructions and make judgments on complex work-related decisions. *See*

Record at 914. He also indicated that the plaintiff was moderately impaired in his ability to interact

appropriately with the public, stating that symptoms of depression contributed to isolation and

anxiety in social situations. *See id*. at 915. Asked to identify the factors that supported his

assessment, Lipman stated that the plaintiff "suffered from major depression + was hospitalized in

Oct[ober] 2011" and had "been in both group + individual counseling since that time." *Id*.

The administrative law judge stated that she carefully considered, but gave little weight to,

the Lipman opinion because (i) Lipman was not "an acceptable source of medical opinion[,]" (ii)

Lipman had taken into account a hospitalization that occurred in 2011, prior to the plaintiff's

alleged onset date of disability, following which the plaintiff's mental health symptoms had

moderated, as reflected in the check-off boxes in the statement, and (iii) Lipman had alluded to

ongoing treatment but had not discussed the progress the plaintiff had made with it. *Id*. at 27. She

added that she had limited the plaintiff to simple work, consistent with Lipman's finding of

11

moderate difficulties with complex work, but had not found objective support for his finding that

the plaintiff had moderate problems with others. *See id*.

In his April 26, 2012, C&P examination report, Possee stated:

The [plaintiff's service-connected] back condition limits his ability to perform heavy physical labor. However, he is physically capable of sedentary employment.

Therefore, his [service-connected] low back condition does not prevent him from obtaining or maintaining gainful employment.

*Id.* at 910.

The administrative law judge stated that she had considered Possee's opinion but found

that the plaintiff was "not solely limited to sedentary work." *Id*. at 27-28. She added that Possee

was "not an acceptable source of medical opinion pursuant to SSR 06-03p[,] and his statement

[was] not supported by objective medical evidence." *Id*. at 28.

The plaintiff complains that the administrative law judge failed to address any of the factors

set forth in SSR 06-03p bearing on the weight to be given opinions of "other treating sources" such

as Lipman and Possee, including how long the source has known the claimant, the frequency of

treatment, the consistency of the opinion with other evidence, the degree to which the source

presents relevant evidence to support an opinion, how well the source explains the opinion, and

whether the source has a specialty or area of expertise related to the individual's impairment.

Statement of Errors at 7. He adds that the administrative law judge "disregarded the objective

findings referred to by PA Possee as the basis for his opinion." *Id.*

As the commissioner observes, *see* Opposition at 8, neither Lipman nor Possee is a

"treating source," which is defined as a claimant's own "physician, psychologist, or other

acceptable medical source who provides [the claimant], or has provided [the claimant], with

medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with

[the claimant,]" 20 C.F.R. § 404.1502.  Licensed clinical social workers and physician's assistants

are not among those considered "acceptable medical sources."  *Id*. § 404.1513.

While, as the plaintiff observes, SSR 06-03p lists factors relevant to the consideration of

the opinions of medical sources who are not "acceptable medical sources," it notes that not every

factor is relevant in the consideration of every case.  *See* SSR 06-03p, reprinted in *West's Social*

*Security Reporting Service* Rulings 1983-1991 (Supp. 2016), at 331-33.  It does not mandate that

all factors, or even all relevant factors, be discussed, instead stating:

> Since there is a requirement to consider all relevant evidence in an individual's case
> record, the case record should reflect the consideration of opinions from medical
> sources who are not "acceptable medical sources" and from "non-medical sources"
> who have seen the claimant in their professional capacity. Although there is a
> distinction between what an adjudicator must consider and what the adjudicator
> must explain in the disability determination or decision, the adjudicator generally
> should explain the weight given to opinions from these "other sources," or
> otherwise ensure that the discussion of the evidence in the determination or decision
> allows a claimant or subsequent reviewer to follow the adjudicator's reasoning,
> when such opinions may have an effect on the outcome of the case.

*Id*. at 333.

The administrative law judge's handling of the Lipman and Possee opinions met this

standard.  She explained the weight that she had given the opinions and why.  Indeed, she adopted

the Lipman opinion in part.

As the commissioner points out, *see* Opposition at 9, the administrative law judge did not

disregard Possee's objective findings.  Elsewhere, she referred to portions of that report, including

Possee's finding that the plaintiff had been able to walk with a normal gait without an assistive

device.  *See* Record at 25, 904 (Possee checked box indicating that "[g]uarding and/or muscle

spasm is present, but do not result in abnormal gait or spinal contour").  In any event, the plaintiff

does not explain how, in his view, Possee's objective findings supported a limitation to sedentary

work.  *See* Statement of Errors at 7.

## 2. Trumbull

The administrative law judge accorded great weight to the August 28, 2012, opinion of Dr. Trumbull, adopting his suggested RFC assessment. *See* Record at 26, 103-04. She explained:

> Dr. Trumbull carefully considered the medical evidence through August 2012. It has been noted that the [plaintiff's] recent MRI has not shown appreciable change since 2010, suggesting that his cervical and lumbar conditions are stable. The [plaintiff] has received palliative chiropractic treatment . . . and acupuncture which has frequently been noted to be helpful. There is no evidence that the [plaintiff's] condition has changed appreciably since Dr. Trumbull's opinion was offered. Dr. Trumbull reviewed the medical evidence of record. His opinion is consistent with [the] medical evidence and he is an acceptable source of medical opinion under Social Security rules. He is familiar with the process used to evaluate disability and his opinion is entitled to great weight.

*Id*. at 26-27.

The plaintiff suggests that it was error to give the Trumbull opinion great weight because Dr. Trumbull did not address the Possee opinion or consider or address the VA disability ratings decision or the extensive examination reports and opinions on which it was based. *See* Statement of Errors at 7-8.

However, as the commissioner points out, *see* Opposition at 10-11, Dr. Trumbull summarized several VA records reviewed in connection with the plaintiff's request for reconsideration, *see* Record at 101, and Dr. Chamberlin summarized earlier VA records reviewed as part of his May 23, 2012, opinion in connection with the plaintiff's initial application for benefits, *see id*. at 91. As the commissioner observes, *see* Opposition at 11 n.3, agency consultants are expected to review the available medical evidence of record, *see* Social Security Program Operations Manual System ("POMS") § DI 24501.001(B)(2). The plaintiff does not dispute that both the Possee report and the VA disability ratings decision were available for Drs. Chamberlin's and Trumbull's review. While, as discussed above, he does identify evidence from which one could infer that neither of those consultants reviewed the Possee report, the commissioner points

to evidence from which one could infer that Dr. Trumbull *did* see it: Dr. Trumbull mentioned a June 5, 2012, VA cervical spinal imaging report and an August 2, 2012, VA examination note that appear in Exhibit 3F, the same exhibit in which the Possee report is found. *See id*. at 101, 868-69, 871-72, 895-910. At bottom, the plaintiff does not point to sufficient evidence to overcome the presumption that Dr. Trumbull reviewed all available VA evidence.

As the commissioner argues in the alternative, *see* Opposition at 11, even assuming that neither Dr. Chamberlin nor Dr. Trumbull reviewed the Possee report, the existence of opinion evidence unseen by an agency nonexamining consultant does not undermine reliance on that consultant's RFC assessment when an administrative law judge permissibly discounts the unseen opinion, *see, e.g., Ball v. Social Sec. Admin. Comm'r*, No. 2:14-cv-61-JDL, 2015 WL 893008, at *6 (D. Me. Mar. 2, 2015) ("[B]ecause [the] administrative law judge supportably discredited [a] treating source's mental RFC assessment, the fact that [an] agency nonexamining consultant did not see it had no bearing on the question of whether the consultant's own report could serve as substantial evidence of the plaintiff's mental RFC.") (citation and internal punctuation omitted).

Finally, as the commissioner notes, *see* Opposition at 9, the plaintiff makes no attempt to rebut the administrative law judge's finding that there was no evidence that his condition had changed appreciably since Dr. Trumbull's opinion was offered – a linchpin of her finding that the Trumbull opinion merited great weight.

The plaintiff fails to demonstrate entitlement to remand on the basis of the administrative law judge's allegedly flawed assignment of little weight to the Lipman and Possee opinions and great weight to that of Dr. Trumbull.

### C.  Handling of Kahl Opinion

The administrative law judge accorded limited weight to a July 16, 2013, report of a psychological evaluation by Robert D. Kahl, Ph.D., in which, in addition to diagnosing the plaintiff

with major depressive disorder, recurrent, severe, and pain disorder associated with both psychological factors and a general medical condition, and assigning him a Global Assessment of Functioning, or GAF, score of 40, Dr. Kahl stated that the plaintiff had several psychological illnesses that prevented him from full-time competitive employment, compounded by physical conditions that did not seem to be responding well to treatment. *See* Record at 27, 917, 933.[4]

The administrative law judge explained that, while Dr. Kahl had assessed a GAF score of 40, suggesting a limited ability to function, "GAF scores are inherently unreliable and have been eliminated from consideration in the newest version of the Diagnostic and Statistical Manual, the standard for psychiatric diagnosis." *Id*. at 27. She added that Dr. Kahl had "failed to consider or discuss the [plaintiff's] substance abuse issues, which are mentioned frequently throughout the medical evidence as a contributor to [his] alleged mental health symptoms." *Id*. She stated, "Accordingly, the opinion is not consistent with the medical evidence of record and is given little weight." *Id*.

The plaintiff does not challenge the administrative law judge's rejection of the GAF score. *See* Statement of Errors at 8-9. As the administrative law judge indicated, the DSM-IV-TR was superseded in 2013 by the American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (5th ed. 2013) ("DSM-V"), which jettisoned the use of GAF scores. *See* DSM-

---

[4] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed., text rev. 2000) ("DSM-IV-TR"). The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 34. A GAF score of 31 to 40 reflects "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." *Id.* (boldface omitted).

16

V at 16 ("It was recommended that the GAF be dropped from DSM-5 for several reasons, including its conceptual lack of clarity (i.e., including symptoms, suicide risk, and disabilities in its descriptors) and questionable psychometrics in routine practice.").

The plaintiff does contend that consideration of his substance abuse was improper because he had not been found disabled. *See* Statement of Errors at 8-9; 20 C.F.R. § 404.1535(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability."). He adds that the error was compounded by the administrative law judge's failure to acknowledge his testimony that he had voluntarily stopped using the opioid Vicodin on April 28, 2012, due to his own concerns regarding the side effects of that medication. *See* Statement of Errors at 9.

Even assuming error, it is harmless. Dr. Kahl did not offer a "medical opinion" – that is, "statements . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions[,]" 20 C.F.R. § 404.1527(a)(2). Rather, he offered an opinion that the plaintiff's psychological impairments prevented him from working – that is, were disabling. Whether a claimant is disabled is an issue reserved to the commissioner; hence, even a treating source's opinion on this matter is accorded no special significance. *See, e.g.*, 20 C.F.R. § 404.1527(d). Dr. Kahl was not a treating source, but a one-time examining consultant. *See* Record at 917.

As the commissioner notes, *see* Opposition at 6, 11, this court rejected a claimant's argument that an administrative law judge's failure to address a VA examiner's report was reversible error when the examiner's only significant conclusion was that the claimant could not

17

work, *see Johnson v. Colvin*, Civil No. 1:13-cv-406-DBH, 2014 WL 5394954, at *3 (D. Me. Oct. 21, 2014).  The court reasoned that, because that conclusion is reserved to the commissioner, so long as the administrative law judge's conclusion was supported by substantial evidence, any failure to mention the examiner's contrary conclusion could "only be harmless error, if it is error at all."  *Id.*  The same is true here.[5]

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of December, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[5] At oral argument, the plaintiff's counsel contended that the administrative law judge also erred in overlooking functional limitations assessed by Dr. Kahl, assertedly by Dr. Kahl's agreement with the limitations set forth by Lipman.  As counsel for the commissioner rejoined, the plaintiff waived this argument by failing to include it in his statement of errors.  *See* Statement of Errors at 4-5, 8-9; *Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).